UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY BAADHIO, | : |
| Plaintiff, | : Civil Action No. 15-8809 (MAS) (DEA) |
| v. | : **MEMORANDUM ORDER** |
| CHARLES GETER, Chairman, Mercer County Board of Social Services, et al., | : |
| Defendants. | : |

This matter comes before the Court on the January 31, 2016 correspondence of Plaintiff Randy Baadhio ("Plaintiff") regarding, *inter alia*, the Court's denial of his application to proceed without prepayment of fees ("IFP") under 28 U.S.C. § 1915. (ECF No. 7[1].) On December 22, 2016, Plaintiff submitted an IFP application. In contravention of the instructions on the application, Plaintiff left many blanks on the application.[2] Consequently, in its January 14, 2016 Order dismissing Plaintiff's IFP application the Court stated that "[b]ecause Plaintiff provided only a partially completed application form, the Court is unable to determine whether Plaintiff is economically eligible to proceed *in forma pauperis*." (ECF No. 3.) Accordingly, the January 14, 2016 Order gave Plaintiff leave to file "a completed application to proceed *in forma pauperis* that

---

[1] In his January 31, 2016 correspondence, Plaintiff also indicates that he seeks recusal of several United States District and Magistrate Judges. This correspondence has been construed as a Motion for Recusal in this matter. (ECF No. 7.) Should Plaintiff seek recusal in other pending cases, he must file separate motions in those cases. In addition, the Motion for Recusal in this matter is moot because this matter was closed on January 14, 2016.

[2] The instructions on the IFP application provide that an applicant must "[c]omplete all questions in this application and then sign it" and may "not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),'[the applicant should] write that response." (ECF Nos. 1-3, 4, 5.)

complies with the instructions provided on the form . . . ." (*Id.*) On January 28, 2016, two IFP applications were entered on the docket. (ECF Nos. 4, 5.) In both of these applications, Plaintiff once again failed to follow the instruction on the form "not to leave any blanks." (*Id.*) Plaintiff did, however, indicate on both of these applications that he has a total monthly income of $764.52. (*Id.*) In addition, in one application he indicated that this monthly income was in excess of his total monthly expenses of $627.00[3]. (ECF No. 5.) Furthermore, in another IFP application that was entered on the case docket on the same day, in response to the question "[h]ave you spent – or will you be spending – any money for expenses or attorney fees in fees in conjunction with this lawsuit," Plaintiff answered "Yes" and indicated that he has spent and/or is willing to spend $300 for "expenses or attorney fees in conjunction with this lawsuit." (ECF No. 4.) Based on these entries on Plaintiff's IFP applications and Plaintiff's failure to properly complete the applications, the Court concluded that Plaintiff "has not adequately established that his financial condition renders payment of the $400.00 filing fee a hardship," and denied Plaintiff's IFP applications. (ECF No. 6.) Furthermore, consistent with the Court's general practice regarding IFP applications, the Order denying the IFP application provided that "Plaintiff(s) may submit payment in the amount of $400 within 14 days from the date of this order to reopen the case without further action from the Court." (*Id.*) In Plaintiff's January 31, 2016 correspondence, Plaintiff states, *inter alia*,

---

[3] In the three IFP applications that Plaintiff submitted, two of which were entered onto the case docket on the same day, Plaintiff's claimed income and expenses have varied. In particular, Plaintiff declared that his total monthly expenses were $804.00 in the first application (ECF No. 1-3), $740.00 in the second application (ECF No. 4), and $627.00 in the third application (ECF. No. 5.)

that he is unable to submit payment in the amount of $400 within 14 days of the Court's January 29, 2016 Order. (ECF No. 7.)

Accordingly, **IT IS** on this 5<u>th</u> day of February 2016, **ORDERED** that the Court's January 29, 2016 Order (ECF No. 6) is amended to permit Plaintiff to reopen this case by submitting payment in the amount of $400 on or before March 14, 2016.

<u>s/Michael A. Shipp</u>
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**